IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CR-528-FL-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| ZHIVARGO KINTA JENKINS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion for compassionate release (DE 54) pursuant to 18 U.S.C. § 3582(c)(1)(A). The government responded in opposition and in this posture the issues raised are ripe for ruling.

## BACKGROUND

On August 13, 2020, defendant pleaded guilty, with a written plea agreement, to discharging a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). The court sentenced defendant to 120 months' imprisonment and five years' supervised release.[1] Defendant now moves for compassionate release, arguing that his risk of contracting COVID-19 and suffering severe health complications justifies early release from his custodial sentence. The motion was briefed fully.

## COURT'S DISCUSSION

With limited exceptions, the court may not modify a sentence once it has been imposed. 18 U.S.C. § 3582(c). One exception is the doctrine of compassionate release, which permits

---

[11] In a related proceeding, defendant admitted to violating the terms of his supervised released based on this same conduct, and he was sentenced to 24 months' imprisonment to run consecutive to the sentence in this case. See United States v. Jenkins, No. 5:05-CR-204-D (E.D.N.C. Apr. 13, 2021).

sentence reductions in extraordinary and compelling circumstances. As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now permits a defendant to file motion for compassionate release in the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239.

The court may reduce a defendant's term of imprisonment if it finds "extraordinary and compelling reasons" warrant a sentence reduction, then considers the applicable factors in 18 U.S.C. § 3553(a), and ultimately concludes that "the reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021); see also United States v. McCoy, 981 F.3d 271, 275–76 (4th Cir. 2020).[2] The court has "broad discretion" to deny a motion for compassionate release if it determines the § 3553(a) factors do not support a sentence reduction, even if the defendant establishes extraordinary and compelling reasons for release. See Kibble, 992 F.3d at 330–32; McCoy, 981 F.3d at 275; see also United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020).

Section 3553(a) requires that the court consider the following factors when imposing a sentence:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;

---

[2] The Sentencing Commission has not adopted a policy statement applicable to motions for compassionate release filed directly by defendants. Kibble, 992 F.3d at 330–31; McCoy, 981 F.3d at 281–83.

> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]
> . . . .
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

18 U.S.C. § 3553(a). In the context of compassionate release motions, the court should "reconsider[] the § 3553(a) factors in view of the extraordinary and compelling circumstances present" in the case. Kibble, 992 F.3d at 332.

Here, defendant requests compassionate release based on his risk of infection with COVID-19 in a custodial setting and suffering severe complications from the disease due to his underlying health issues. The court will assume without deciding that these circumstances constitute extraordinary and compelling reasons for compassionate release. See United States v. High, 997 F.3d 181, 186–87 (4th Cir. 2021).

The § 3553(a) factors, however, weigh heavily against granting compassionate release. During the instant offense, defendant repeatedly discharged a firearm in circumstances presenting an excessive risk of injury and death to his girlfriend's daughter. Law enforcement also found evidence linking defendant to additional violent offenses involving use of the same firearm. Moreover, defendant has an extensive criminal record dating back to 1994, which includes convictions for hit and run, assault on a government employee, resisting a public officer, possession with intent to sell and deliver cocaine, possession with intent to distribute cocaine base, and unlawful possession of a firearm. As noted above, defendant also committed the instant offense conduct while on supervised release for federal drug and weapons crimes. Even when the sentence is reconsidered in light of defendant's risk of suffering severe COVID-19 disease, a sentence below 120 months would not accomplish the goals of sentencing in light of the offense

3

conduct and criminal history.  See Kibble, 992 F.3d at 332.

The court recognizes that defendant endured a traumatic childhood, suffers from a seizure disorder related to a prior gunshot injury, and that he alleges Federal Bureau of Prisons officials provided inadequate medical attention for the disorder on one occasion.  In addition, defendant's term of imprisonment has been exceptionally onerous due to COVID-19 restrictions.  The factors, together with defendant's risk of suffering severe COVID-19 disease, do not justify a sentence reduction when weighed against the offense conduct and criminal history described above.

Having fully considered defendant's risk of infection with COVID-19 and his arguments for a sentence reduction, together with the full record of this case in light of the § 3553(a) factors, the court finds the current sentence remains necessary to reflect the seriousness of the offense conduct, promote respect for the law, protect the public from further crimes of defendant, and provide general and specific deterrence to criminal conduct.

## CONCLUSION

Based on the foregoing, defendant's motion for compassionate release (DE 54) is DENIED.

SO ORDERED, this the 29th day of June, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge